McKinney, J.,
delivered the opinion of the Court.
*281 At the September Term, 1858, of the Criminal Court of Davidson, an indictment for murder was preferred against the defendants, which was returned with the following endorsement on the back thereof: “The grand jury find a true bill for manslaughter.” On motion of the defendants the Court quashed the indictment, and the-Attorney General appealed in error.
The rule seems to be well established, that the grand jury cannot find one part of the same charge to be true, and another part false, but must either maintain or reject the whole. And, therefore, on an indictment for murder they cannot find a true bill for manslaughter. This is certainly a very technical rule, but the current of authority is in support of it. 1 Chitty’s Cr. Law, 2; 1 Russ. on Cr., 312; 1 Arch. Cr. Pr., (by Waterman,) 98 to 104, note 5; 11 Hum., 602. The rule, of course, does not extend to an indictment joining different counts, as each count is regarded as containing a distinct charge.
The finding of the grand jury, in the present case, was certainly improper and ought not to have been received by the Court. It is not the province of the grand jury to ascertain, or determine the exact grade of the criminal act (in crimes that admit of degrees) of which the accused is charged in the indictment. This remains for the petit jury, charged with his trial, under the control and instructions of the Court.
If a homicide is established the grand jury may safely, as a general rule, act upon the presumption that the law officer of the government has investigated the facts, and described the offence properly in the indictment; and their duty is simply to inquire whether or *282 not a prima facie case is made out as charged in the indictment.
The grand jury are under the control of the Court. And it is the province and duty of the Court to see that the finding is proper in point of law; and if not, the Court may recommit an improper or imperfect finding, and may, if necessary, exercise the power of compelling a proper discharge of duty on the part of the grand jury. Arch. Cr. Pr , 98, to 104, note 5.
But, as the Court was not called on to exercise this authority, error cannot be predicated of the judgment quashing the indictment.
Judgment affirmed.